ANDREW MILLER v. JAMES J. PICKENS et al.

M. was employed by P. to bring certain slaves to this State, which slaves were the separate property of the wife of P. and her children; and to secure M. in the amount he paid out for bringing said slaves to the State, it was agreed between M. and P. that he (M.) should take a title to a certain tract of land belonging to P. *Held*, that if the land should not be sufficient to reimburse M. in the amount he had paid out, that the balance should be chargeable upon the slaves he (M.) had removed.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

The facts are stated in the opinion of the court.

*T. J. Word*, for appellant,

Cited and commented on 2 Story, Eq. § 977, &c.; Fonb. Eq. b. 2, n. a, 458; 1 Ves. 460, &c.; 1 Mad'x, Ch. 338; 6 Ves. 424; Ib. 454.

*T. J. Wharton,* for appellees,

In reply, contended there was no error in the decision of the court below.

Mr. Justice HANDY delivered the opinion of the court.

The contest in this case seems to be, whether a sum of money due the appellant for services and expenses incurred in removing to this State certain slaves, the separate property of the wife of Pickens and her children, from the State of South Carolina, should be charged upon a part of the slaves, or upon certain lands.  It appears that the appellant had agreed with the husband to purchase two of the slaves, and that the compensation for his services and expenses incurred in the removal, should be deducted from the amount agreed on as the purchase-money.  The appellant also took in his own name the title to a tract of land belonging to Pickens, and held that as a security for the money due for his services and expenses.  The slaves were the separate property of the wife for life, with remainder to her children..  The land was the property of the husband, either solely or jointly with his wife.  Pickens had no power to sell or change the slaves belonging to his wife and her children.  In a proper case made out, a court of chancery could have ordered a sale of part of them for the support of the children.  And in certain cases, a party holding the character of a legal trustee may make such an application of the trust property.  But Pickens had no such power over the property in this case.  His agreement for the sale of it was, therefore, without authority, and void.

Yet it appears that the services rendered and the expenses incurred by the appellant were beneficial to the enjoyment of the property by the parties entitled to it; and it was, therefore, proper that it should be chargeable on that account, after the land, which was the primary security for the amount, should be sold; and in case the proceeds of the sale should be insufficient to pay the charge.  We think, therefore, that the chancellor erred in exempting the slaves from the charge for any balance that might be due after the proceeds of the sale of the land should have been applied to the debt, and that the de-

cree should have been for the sale of the slaves for the payment of such deficiency.

The decree is reversed, and the cause remanded, to be proceeded with upon the principles herein stated.